On April 6, 1979 the court entered the following order:
Before Friedman, Chief Judge, Davis and Smith, Judges.
This case comes before the court on a motion for allowance of attorney’s fee, filed by Paul M. Niebell. Petitioner is attorney of record for the plaintiff in Creek Nation v. United States, Docket No. 272, a case transferred to this court from the Indian Claims Commission pursuant to 25 U.S.C. § 70v (1976). He requests a fee of $771,842.79, or 10 percent of the final net judgment of $7,718,427.92 entered by the Indian Claims Commission on September 22, 1978, 43 Ind. Cl. Comm. 372.
Petitioner’s motion for allowance of attorney’s fee is made pursuant to 25 U.S.C. § 70n (1976) and the attorney *621 contracts between petitioner and the Creek Nation, approved by the Department of the Interior, retaining petitioner to investigate, formulate, and prosecute the claims of the Creek Nation against the United States. The petition is supported by a detailed statement of the work performed under the contracts, as well as a list of Indian Claims Commission docket entries. Petitioner has also included a resolution of the National Council of the Muscogee, or Creek Nation, dated November 25, 1978, accepting the final award of the Indian Claims Commission and authorizing an attorney fee of up to 10 percent of the final judgment.
In Cherokee Nation v. United States, 174 Ct. Cl. 131, 146-47, 355 F.2d 945, 953-54 (1966), this court listed a number of factors to be considered in awarding attorney’s compensation in Indian claims cases:
(1) The nature of the undertaking and the character of the services required.
(2) The responsibility assumed.
(3) The professional repute, standing, ability and experience of counsel.
(4) The services rendered, including the time and labor required.
(5) The magnitude and importance of the cases.
(6) The novelty and difficulty of the questions involved.
(7) The opposition encountered.
(8) The results accomplished and the benefits flowing to the clients.
(9) The professional competence displayed, including skill, industry, and diligence.
(10) The fidelity of counsel to the interests of their clients.
(11) The contingent nature of the employment and the hazards and risks involved.
(12) The loss of income and opportunities for other employment due to employment of counsel in the litigation for which compensation is to be awarded.
(13) Customary charges and going rates of attorneys for similar services. * * *
Petitioner’s motion demonstrates that he is highly experienced in and has a thorough knowledge of the *622 history and affairs of the Creek Nation. His association with the Creeks dates back to 1930, when he began to research the tribe’s historical claims against the United States. It continued through the unsuccessful prosecution of Creek claims in this court under the limited jurisdictional act of 1924, 43 Stat. 139, to his involvement in the passage of the Indian Claims Commission Act in 1946. Although petitioner cannot be compensated out of the present judgment for work completed prior to the 1946 signing of the first attorney contract in this case, that work gave him knowledge and experience which "inured to the benefit of the tribe in the successful decision in the present case . . . .” Cherokee Nation v. United States, 174 Ct. Cl. at 148, 355 F. 2d at 955. Petitioner estimates that from 1930 to 1933 he expended 3,000 hours researching old government records in connection with the claim of the Creek Nation.
The prosecution of the present case was a long and difficult process, encompassing 27 years of litigation, and since 1962 has consumed 2,870 hours of petitioner’s time. The case required separate trials before the Commission on the issues of (1) the liability of the United States to the tribe; (2) the value of the claim; and (3) the defendant’s offsets and treaty consideration already paid. After a favorable decision on the issue of liability before the Indian Claims Commission, petitioner successfully defended that ruling on the appeal before this court. At both stages of the case, petitioner overcame the difficult obstacle of the asserted res judicata effect of the prior unsuccessful litigation under the 1924 jurisdictional act. Petitioner ultimately obtained for his client the sizable net judgment of $7,718,427.92.
In view of the substantial work petitioner did, the complexities and difficulties of the litigation, and the highly successful outcome, the court concludes that $771,842.79 is an appropriate and adequate fee for his services.
it is therefore ordered that petitioner’s motion for allowance of attorney’s fee be granted. Paul M. Niebell, attorney of record in Creek Nation v. United States, Docket No. 272, is hereby awarded compensation as attorney’s fee of Seven Hundred Seventy-one Thousand, Eight Hundred *623 Forty-two Dollars and Seventy-nine Cents ($771,842.79) to be paid out of the final net judgment awarded by the Indian Claims Commission on September 22, 1978.